UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JONATHAN STANLEY**

and

**MARY ELLIOTT**

Plaintiffs,

on behalf of themselves and
all others similarly situated,

v.

**TURNER OIL & GAS PROPERTIES, INC**
3232 West Britton Road
Suite 200
Oklahoma City, OK 73120

**CASE NO. 16-CV-386**

**JUDGE:**

**MAGISTRATE**

**PLAINTIFF'S COMPLAINT**

(Jury Demand Endorsed Herein)

Now comes Plaintiffs, Jonathan Stanley and Mary Elliott, by and through counsel, and for a Complaint against Defendant Turner Oil & Gas Properties, Inc. ("Turner") state and allege the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiffs as a result of Defendant Turner's practice and policy of misclassifying Plaintiffs' former employment status as that of an independent contractor as opposed to an employee, and refusing to pay overtime compensation at the rate of one and one-half times their regular rate of pay for the hours he worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducted business in Washington County, Ohio and a substantial part of the events or omissions giving rise to the claim or claims occurred within this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiffs were citizens of the United States and residents of Washington or Franklin County, Ohio.

5. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203 (e).

6. At all times relevant herein, Defendant Tuner Oil and Gas Properties, Inc was a corporation registered in Oklahoma, and conducted business in Washington County, Ohio.

7. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203 (r).

10. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29. U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

**(Failure to Pay Overtime Compensation)**

11. Defendant owns and operates a land brokerage service with Ohio operations coordinated from a brick and mortar office located in Marietta, Ohio situated in Washington County.

12. Plaintiffs individually and separately were hired to serve as a Landman. A Landman's responsibilities are primarily to conduct title searches and prepare reports to support Defendant's operations.

13. Defendant exhibited a high level of control and supervision over Plaintiffs. Plaintiffs were required to report hours on Defendant's daily record sheet. Plaintiffs were trained entirely by Defendant. Plaintiffs never offered there services as Landmen to other companies and were prohibited by Defendant from providing Landman services to other companies. Plaintiffs were monetarily compensated in accordance with Defendant's compensation policies in Defendant's sole discretion. Defendant required Plaintiff to perform all work personally. Defendant required Plaintiff to work a minimum of 40 hours per week.

14. Plaintiffs were compensated with a daily rate where Defendants policy required 8 hour workdays to achieve the day rate. Plaintiffs working less than 8 hours per day were compensated only for the time worked, creating essentially an hourly compensation structure.

15. Plaintiffs who performed additional day's work during the workweek were compensated at the normal rate as Defendant refused to pay Plaintiffs overtime compensation for the additional hours.

16. Plaintiff Stanley estimates that he worked between 48 and 56 hours per week numerous times for the period of employment of August 2012 through December 2014.

17. Plaintiff Stanley estimates that $26,500.00 is due to him from Defendant for compensation for overtime hourly work completed during his employment.

18. Plaintiff Elliott estimates that she worked between 48 and 56 hours per week numerous times for the period of employment of April of 2012 through December 2014.

19. Plaintiff Elliott estimates that $33,000.00 is due to her from Defendant for compensation for overtime hourly work completed during her employment.

**(Failure to Keep Accurate Records)**

20. Defendant failed to make, keep and preserve records of hours worked by Plaintiffs and all other similarly situated Landmen.

**(Defendant Willfully Violated the FLSA)**

21. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiffs bring Count I of this action on their own behalves pursuant to 29 U.S.C § 216(b), and on behalf of all other persons similarly-situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

23. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send in "opt-in" notices for purposes of the collective action, and of which Plaintiffs are themselves members, are composed of and defined as follows:

> All current and former Landmen who provided over 40 hours of work in a given workweek for Defendant Turner between April 20, 2012 and the present.

24. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief, aver that is consists of at least 75 people.

25. This action is maintainable as an "opt-in" collection action pursuant to 29 U.S.C § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorney fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages, Plaintiffs are representative of those other employees and are acting on behalf of their interest as well as their own in bringing this action.

26. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorney fees and costs under the FLSA.

## COUNT ONE

### (Fair Labor Standards Act Violations)

27. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

28. Defendant's practice and policy of misclassifying Plaintiffs and all other similarly-situated employees as independent contractors violated the FLSA, 29 U.S.C §§ 201-219.

29. Defendant's failure to pay Plaintiffs and all other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

30. Defendant's failure to keep accurate records of all the hours worked each workday and the total hours worked each workweek by Plaintiffs and all other similarly-situated employees violated the FLSA and 29 CFR 516.2(a)(7).

31. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

32. As a result of Defendant's practices and policies, Plaintiffs and all other similarly situated employees have been damaged in that they have not received overtime due to them pursuant to the FLSA.

33. As a result of Defendant's practices and policies, Plaintiffs and all other similarly situated employees are entitled to liquidated damages equal to the amount of the unpaid overtime compensation.

34. As a result of Defendant's practices and policies, Defendant is responsible for reasonable attorney fees and costs of the action.

## PRAYER FOR RELIEF

**35. WHEREFORE,** Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. §216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiffs and the class they represent actual damages for unpaid overtime compensation;

D. Award Plaintiffs and the class they represent liquidated damages equal in the amount of the unpaid overtime compensation found due to Plaintiffs under the FLSA;

E. Award Plaintiffs and the class they represent pre- and post-judgement interest at the statutory rate;

F. Award Plaintiffs and the class they represent attorney fees, costs and disbursements; and

G. Award Plaintiffs and the class they represent further and additional relief as this Court deems just and proper.

Respectfully submitted

/s/ Matthew A. Schwartz

Dated: April 28, 2016

Matthew A. Schwartz (0079453)
230 Durand St
Pickerington, OH 43147
614-949-9749
614-321-3964
MSchwartzLaw@Gmail.com
Attorney for Plaintiffs

# **JURY DEMAND**

Plaintiffs Mary Elliott and Jonathan Stanley hereby demand a trial by jury in this action.

Respectfully submitted,

Dated: April 28, 2016

/s/ Matthew A. Schwartz
Matthew A. Schwartz (0079453)
230 Durand St
Pickerington, OH 43147
614-949-9749
614-321-3964
MSchwartzLaw@Gmail.com
Attorney for Plaintiffs